YARDLEY & CO., LTD. *v.* UNITED STATES

No. 5100.—Invoices dated London, England, December 5, 1936, May 14, 1937. Entered at New York December 15, 1936, December 27, 1937. Entry Nos. 787684, 795792.

(Decided January 23, 1941)

*Brooks & Brooks* for the plaintiff.

*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: These appeals to reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto.

It is hereby stipulated and agreed by and between counsel for the respective parties hereto, subject to the approval of the Court, that the items of merchandise marked with the letter "A" and initialed *WRS* by Examiner *W. R. Shapiro* on the invoices covered by the reappraisements enumerated above, consist of bottles and jars similar in all material respects to the merchandise the subject of *United States v. Guerlain, Inc.* decided in C. A. D. 146.

It is further stipulated and agreed that the said items so marked on the invoices were appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to the items marked "A" on the invoices covered by the reappraisements enumerated above is the same as the issue involved in the case of *United States v. Guerlain, Inc.* supra.

It is further stipulated and agreed that the entered value of the items marked as aforesaid on the invoices is equal to the cost of materials, fabrication, manipulation or other process employed in manufacturing or producing such merchandise, plus the usual general expenses, plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States and plus an addition for profit equal to the profit which ordinarily is added, in the case of merchandise of the same general character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

The reappraisements enumerated above are hereby abandoned as to all items not marked on the invoices as aforesaid.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, is the proper basis for the determination of the value of the merchandise here involved, and that the values of the items marked A on the invoices and

initialed WRS by examiner W. R. Shapiro, are the entered values. As to all items not marked on the invoices as aforesaid, the appeals, having been abandoned, are hereby dismissed. Judgment will be rendered accordingly.